UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

UNITED STATES OF AMERICA

v.

PAUL BLEIGNIER   CASE NO. 8:24cr408 KKM - AAS
18 U.S.C. § 1035

SEP 11 2024 PM3:57
FILED - USDC - FLMD - TPA

## INFORMATION

The United States Attorney charges:

### COUNT 1
### False Statements Relating to Health Care Matters
### (18 U.S.C. § 1035)

On or about May 2, 2023, in Pinellas County, in the Middle District of Florida, and elsewhere, the defendant,

**PAUL BLEIGNIER,**

aided and abetted by Person 1 and Person 2, in a matter involving a federal health care benefit program, that is, Medicare, did knowingly and willfully make and use a materially false, fictious, and fraudulent writing and document, knowing the same to contain a materially false, fictious, and fraudulent statement and entry, in connection with the delivery and payment for health care items and services, that is, signing and submitting, through the Medicare Provider Enrollment, Chain, and Ownership System, a certification that Person 1 and Person 2 were the sole owners of TX Diagnostics, Inc., when, in truth and in fact, as **BLEIGNIER** then and there well

knew, Person 1 and Person 2 were not the sole owners and managing employees of TX Diagnostics, Inc. because **BLEIGNIER** was also an owner and managing employee of TX Diagnostics, Inc., in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## FORFEITURE

1. The allegations contained in Count One are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(7).

2. Upon conviction for a violation of 18 U.S.C. § 1035, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, which constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the total amount of proceeds the defendant obtained as a result of the commission of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

ROGER B. HANDBERG
United States Attorney

GLENN S. LEON
Chief, Fraud Section
Criminal Division, Department of Justice

_/s/ Charles D. Strauss_

Charles D. Strauss, Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section

_/s/ Carlton C. Gammons_

Carlton C. Gammons
Assistant United States Attorney
Chief, Economic Crimes